**FILED
CLERK**

1/8/2014 5:03 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NATALIE GARNETT-BISHOP,

                Plaintiff,

        -against-

NEW YORK COMMUNITY BANCORP, INC., and
NEW YORK COMMUNITY BANK,

                Defendants.
----------------------------------------------------------X
KATHLEEN WARSHUN and LYNETTE TIGER,

                Plaintiff,

        -against-

NEW YORK COMMUNITY BANCORP, INC., and
NEW YORK COMMUNITY BANK,

                Defendants.
----------------------------------------------------------X
DONNA CAPPELLO, DONNA BERCHIOLLI,
SHANNON BYRNES, THERESA FALCO, LESLIE
MORENCY, MARIE ALEXANDER, KATIA PAGE,
CELESTE MCCORMACK, AUDREY ZUCKERMAN,
MONICA ORTEGA, GELSOMINA TIERNO,
JAQUELINE RAMOS, NANSI GHOBRIAL, MARY
ELLEN CASSIDY, CANDICE PETRANCOSTA and
ADDOLORATA QUILES,

                Plaintiffs,

        -against-

NEW YORK COMMUNITY BANCORP, INC., NEW
YORK COMMUNITY BANK, JOSEPH FICALORA,
ROBERT WANN, WILLIAM DISALVATORE,
CYNTHIA FLYNN

                Defendants.
----------------------------------------------------------X
```

**MEMORANDUM OF DECISION AND ORDER**

12–CV–2285 (ADS)(ARL)

13–CV–1018 (ADS)(GRB)

13–CV–1049 (ADS)(ARL)

-----------------------------------------------------------X
DEE COOPER JONES, DIANN TITUS, CLAIRE
BYRNES, ILENE BRANFMAN, GERALDINE
COLLINS, HELEN ARNIOTES and GINA
DECRESCENZO,

      Plaintiffs,

  -against-              13–CV–1161 (ADS)(GRB)

NEW YORK COMMUNITY BANCORP, INC., NEW
YORK COMMUNITY BANK, JOSEPH FICALORA,
ROBERT WANN, WILLIAM DISALVATORE and
CYNTHIA FLYNN

      Defendants.
-----------------------------------------------------------X

SAMANTHA ZIELINSKI,

      Plaintiff,

  -against-              13–CV–2228 (ADS)(ARL)

NEW YORK COMMUNITY BANCORP, INC., NEW
YORK COMMUNITY BANK, JOSEPH FICALORA,
ROBERT WANN, WILLIAM DISALVATORE,
CYNTHIA FLYNN

      Defendants.
-----------------------------------------------------------X

**APPEARANCES:**

**Willoughby & Giordano**
*Attorney for the Plaintiffs Natalie Garnett-Bishop, Kathleen Warshun and Lynette Tiger*
245 Hillside Avenue
Williston Park, New York 11596
 By: Ann Willoughby, Esq., Of Counsel

**Patrick W. Johnson, Esq.**
*Attorneys for the Plaintiffs Donna Cappello, Donna Berchiolli, Shannon Byrnes, Theresa Falco, Leslie Morency, Marie Alexander, Katia Page, Celeste McCormack, Audrey Zuckerman, Moncia Ortega, Gelsomina Tierno, Jacqueline Ramos, Nansi Ghorbrial, Mary Ellen Cassidy, Candice Petrancosta, Addolorata Quiles and Samantha Zielenski*
9118 Third Avenue
Brooklyn, NY 11209

**Theodore Pavlounis, Esq., P.C.**
*Attorneys for the Plaintiffs Dee Cooper Jones, Diann Titus, Claire Byrnes, Ilene Branfman, Geraldine Collins, Helen Arniotes, Gina Descrescenzo, Linda Smith, Ann Abbruzzese, Maryann Golinello and Jillian Triano*
7706 13th Avenue
Brooklyn, New York 11228
   By:   Andrew G. Sfouggatakis, Esq., Of Counsel

**Little Mendelson P.C.**
*Attorneys for the Defendants New York Community Bancorp, Inc., New York Community Bank Corp., Inc., New York Community Bank, Joseph Ficalora, Robert Wann, William Disalvatore and Cynthia Flynn*
290 Broadhollow Road, Suite 305
Melville, NY 11747
   By:  Amy Laura Ventry-Kagan, Esq.
        James P. Smith, Esq.
        Robert M. Wolff, Esq., Of Counsel

**SPATT, District Judge:**

Five separate actions have been brought against the Defendants New York Community Bancorp, Inc., New York Community Bank Corp., Inc., New York Community Bank ("NYCB"), Joseph Ficalora ("Ficalora"), Robert Wann ("Wann"), William Disalvatore ("Disalvatore") and/or Cynthia Flynn ("Flynn," and collectively, the "Defendants") arising from a reduction in force that occurred on October 13, 2011.

In this regard, on October 13, 2011, NYCB terminated the employment of more than 400 branch employees working in its New York and New Jersey retail banking operations. Twenty-six of the twenty-seven Plaintiffs in the above-captioned actions represent some of these terminated employees. They claim, among other things, that the Defendants action in terminating them was the result of employment discrimination based on age, race, national origin, gender and/or disability and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (the "ADEA"); the Genetic Information Nondiscrimination Act, 42 U.S.C.

§ 2000ff, et seq. (the "GINA"); the American With Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA"); § 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a; and the laws of the state of New York. The Plaintiffs also bring a claim pursuant to the Worker Adjustment and Retraining Notification Act, 42 USC § 12101, et seq. (the "WARN Act").

The Defendants now move in Case No. 12–CV–2285 (the "Garnett-Bishop Action"), via three separate motions, to consolidate these five actions pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 42. These motions have been served on all Plaintiffs and is unopposed.

Also pending are (1) the Defendants' motion to dismiss in Case No. 13–CV–1049 (the "Cappello Action"), as well as the Defendants' motion to strike certain exhibits attached to the Cappello Plaintiffs' opposition to the Defendants' motion to dismiss; (2) the Defendants' motion to dismiss in Case No. 13–CV–1161 (the "Cooper Jones Action"); (3) the Defendants' unopposed motion to sever the claims of Diann Titus ("Titus") in the Cooper Jones Action; (4) the Defendants' motion to strike the Amended Complaint in the Cooper Jones Action, as well as the Cooper Jones Plaintiffs' cross-motion seeking leave to amend the Complaint; and (5) the Defendants' motion to dismiss in Case No. 13–CV–2228 (the "Zielinski Action"), as well as the Defendants' motion to strike certain exhibits attached to the Zielinski Plaintiffs' opposition to the Defendants' motion to dismiss.

In addition, in Case No. 13–CV–1018 (the "Warshun Action"), this Court previously issued an order, dated August 1, 2013, (1) granting the Warshun Plaintiffs' motion to amend the complaint to the extent the Warshun Plaintiffs sought to raise a claim of disability discrimination under the ADA against the corporate Defendants; (2) denying the balance of the Warshun Plaintiffs' motion to amend the complaint as futile; (3) granting the Defendants' motion to

4

dismiss the Warshun Plaintiffs' complaint against the individual Defendants Ficalora, Wann, Disalvatore and Flynn with prejudice, except for the claim brought pursuant to the New York State Human Rights Law, New York State Executive Law § 290, et seq. (the "NYSHRL"), which was dismissed without prejudice; and (4) granting the Defendants' motion to dismiss the Warshun Plaintiffs' reverse racial discrimination claim against the corporate Defendants with prejudice.

As an initial matter, the Court grants the Defendants' unopposed motion to sever the Plaintiff Titus's claims from the Cooper Jones Action, as Titus was terminated in May 2012, seven months after the mass layoff that occurred on October 13, 2011 and under different factual circumstances than the other Cooper Jones Plaintiffs. In this regard, the parties are directed to file a stipulation of dismissal without prejudice of Titus's claims within one week of the date of this Order. Further, within fourteen days from the parties' submission of the stipulation of dismissal without prejudice, Titus is directed to file and serve a separate complaint in a separate action asserting her own individual claims against the appropriate defendants.

As to the remaining motions before the Court, the Court grants the Defendants' unopposed motion to consolidate the Garnett-Bishop, Cappello, Cooper Jones, Zielinski and Warshun Actions, but declines to consider the other motions pending in these cases. Rather, notwithstanding the Court's decision in the Warshun Action, the Court directs counsel for the Plaintiffs to file and serve a Consolidated Complaint within thirty days of the date of this Order. The Defendants' motions to dismiss the Cappello, Cooper Jones and Zielinski Actions are denied without prejudice and with leave to renew after the Plaintiffs file and serve a Consolidated Complaint. The Cooper Jones Plaintiffs motion seeking leave to file an amended complaint is

5

also denied without prejudice and with leave to renew after the Plaintiffs file and serve the Consolidated Complaint.

## I. BACKGROUND

### A. Underlying Facts

Collectively, excluding the Plaintiff Diann Titus, the five actions before the Court involve a total of twenty-six Plaintiffs, all of whom are former NYCB employees. NYCB is a banking institution incorporated under the laws of the state of New York and governed by the federal banking laws of the United States. NYCB is a subsidiary of New York Community Bancorp, Inc., also referred to as New York Community Bank Corp., Inc. Ficalora was the President and Chief Executive Officer ("CEO") of NYCB; Wann was the Chief Operating Officer ("COO") of NYCB; DiSalvatore was a Director and assistant to the COO of NYCB; Flynn was a Chief Administrative Officer ("CAO") of NYCB. At all relevant times, NYCB had more than 1,000 employees.

According to the Plaintiffs, in June 2011, the Defendants NYCB, Ficalora and Wann held a meeting with all NYCB bank managers in which they stated that NYCB was profitable and, thus, there would be no layoffs. Moreover, Ficalora apparently promised that NYCB would never terminate its employees while he was CEO and while NYCB was profitable.

Nevertheless, on October 13, 2011, although it was allegedly profitable, NYCB terminated approximately 400 or more employees. The terminated employees were advised that they could not return to the branch where they had worked but had to "make arrangements" to have their personal belongings returned to them. They also received a termination letter stating that NYCB, after reviewing its staffing needs, had decided to eliminate their positions.

Allegedly, the terminated employees were not told at any time prior to October 13, 2011 that a significant number of employee positions would be eliminated.

Further, in response to inquiries concerning the terminations, NYCB's human resources department advised that the terminations were objectively based upon factors including recent disciplinary history, recent performance evaluations, branch audits and special skills.  However, the Plaintiffs contend that they did not have any recent disciplinary warnings and that their recent performance evaluations were neither poor nor unsatisfactory.  They further contend that their performance ratings were lowered because branch management had been instructed by senior management of NYCB to lower the performance ratings of their staff, so that an employee who had, for example, previously received a rating of "far exceeds" had to instead receive a lower rating of "exceeds."

According to the Plaintiffs, those selected to be laid-off were pre-chosen to be terminated, despite any representations by the Defendants to the contrary.  In this regard, the Plaintiffs claim that the Defendants decided to terminate employees who were disproportionately Caucasian or African American females, had disabilities and were over the age of forty. Additionally, some Plaintiffs assert that the termination of their employment was an act of retaliation by the Defendants.

Following the October 13, 2011 reduction-in-force, the Plaintiffs claim that NYCB transferred younger, less-experienced employees and hired new, part-time and lower-paid employees who also were younger in order to replace those employees that they had laid off.  In this regard, the Plaintiffs allege that NYCB offered and continues to offer its current employees incentives to actively recruit new hires for various positions that had been previously held by the terminated employees and have also included job postings for these positions online and in

newspapers. Many of the Plaintiffs have also been encouraged to reapply to current NYCB openings, but even though they have reapplied, they have not been rehired by NYCB.

**B. The Defendants' Motion to Consolidate**

On April 29, 2013, the Defendants filed a motion in the Garnett-Bishop Action to consolidate the Warshun Action and the Cappello Action with the Garnett-Bishop Action pursuant to Fed. R. Civ. P. 42(a)(2). Thereafter, on June 11, 2013, the Defendants filed a second motion in the Garnett-Bishop Action to consolidate the Zielinski Action with the Garnett-Bishop Action. Finally, on June 18, 2013, the Defendants filed a third motion in the Garnett-Bishop Action to consolidate the Cooper Jones Action with the Garnett-Bishop Action. In all three motions, the Defendants argue that these cases should be consolidated because they involve common questions of law or fact. To date, none of the Plaintiffs have opposed the Defendants' motions.

## II. DISCUSSION

**A. As to Whether the Plaintiffs' Actions Should be Consolidated**

Fed. R. Civ. P. 42(a) governs the consolidation of actions. Under the Rule,

> [i]f actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Therefore, as long as there will be a fair and impartial trial, "Rule 42(a) . . . empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990), cert. denied, 498 U.S. 920, 111 S. Ct. 297, 112 L. Ed. 2d 250 (1990). Further, any "[d]ifferences in causes of action [or] defendants . . . do not render consolidation inappropriate" where (1) "the

8

cases present sufficiently common questions of fact and law," and (2) the Court finds that "the differences do not outweigh the interests of judicial economy served by consolidation." Kaplan v. Gelfond, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). See also LeGrand v. New York City Transit Auth., No. 93–CV–0333 (JG), 1999 WL 342286, at *8 (E.D.N.Y. May 26, 1999).

"The trial court has broad discretion to determine whether consolidation is appropriate." Id. However, the Second Circuit suggests that Rule 42(a) "be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks and citations omitted). In addition, the Second Circuit has explained that while "a district court should consider both equity and judicial economy" in assessing whether consolidation is appropriate, "efficiency cannot be permitted to prevail at the expense of justice" and, thus, "consolidation should be considered when savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*." Id. (emphasis in original) (internal quotation marks and citations omitted). See also Consorti v. Armstrong World Ind., 72 F.3d 1003, 1006 (2d Cir. 1995), vacated on other grounds, 518 U.S. 1031, 116 S. Ct. 2576, 135 L. Ed. 2d 1091 (1996); Endress v. Gentiva Health Servs., 278 F.R.D. 78 (E.D.N.Y. 2011).

In this regard, "courts must consider 'whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'" Augustin v. Jablonsky, 99–CV–3126 (DRH)(ARL), 2001 WL 770839, at *15 (E.D.N.Y. Mar. 8, 2001), rev'd and remanded on other grounds, 461 F.3d 219 (2d Cir. 2006) (quoting Johnson, 899 F.2d at

9

1285). The "risk of confusion or prejudice [is] avoided in [a] consolidated action where [a] district court use[s] 'intelligent management devices' such as thought verdict forms and cautionary and limiting instructions." Id. at *16 (quoting Consorti v. Armstrong World Indus., Inc., 72 F.3d 1003, 1008 (2d Cir. 1995), vacated on other grounds sub nom. Consorti v. Owens-Corning Fiberglas Corp., 518 U.S. 1031, 135 L. Ed. 2d 1091, 116 S. Ct. 2576 (1996)). Of importance, consolidation does not generally prejudice a parties rights, because it "'does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 130 (S.D.N.Y. 1997) (quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97, 77 L. Ed. 1331, 53 S. Ct. 721 (1933)).

"The party moving for consolidation bears the burden of showing the commonality of factual and legal issues in the actions it seeks to consolidate." Augustin v. Jablonsky, 99–CV–3126 (DRH)(ARL), 2001 WL 770839, at *15 (E.D.N.Y. Mar. 8, 2001), rev'd and remanded on other grounds, 461 F.3d 219 (2d Cir. 2006); Endress v. Gentiva Health Servs., 278 F.R.D. 78 (E.D.N.Y. 2011). Having reviewed the Defendants' moving papers, as well as the Plaintiffs' separate Complaints, the Court finds that the Defendants have met this burden and that consolidation is appropriate here. The Plaintiffs all bring employment discrimination lawsuits as employees who were terminated as part of NYCB's October 13, 2011 reduction in force and raise almost identical claims against nearly identical Defendants. In this way, all five cases involve the same set of facts with respect to process by which the Defendants decided which employees were to be terminated as part of the reduction in force.

As such, as these cases involve almost identical questions of law and fact as well as almost identical parties and without opposition by the Plaintiffs, it appears that consolidation will

10

economize both judicial resources and the resources of the parties. See Fed.R.Civ. P. 42(a); Johnson, 899 F.2d at 1285; Augustin, 2001 WL 770839, at *15; Guidelines For The Division Of Business Among District Judges, Eastern District of New York, Rule 50.3.1 (a) ("A civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transaction or events, a substantial saving of judicial resources is likely to result as long as there will be a fair and impartial trial, from assigning both cases to the same judge").

Accordingly, the Plaintiffs' five actions which are now pending before this Court are consolidated for all purposes as "Garnett-Bishop, et al. v. New York Community Bancorp., Inc., et al." under Case Number 12–CV–2285, and the Cappello, Cooper Jones, Zielinski and Warshun Actions are closed.

**B.  As to the Individual Defendants and the Motions to Dismiss**

As stated above, the Defendants have motions to dismiss pending in the Cappello, Cooper Jones and Zielinski Actions, as well as associated motions to strike. In addition, in the Plaintiffs in the Cooper Jones Action had cross-moved for leave to amend their Complaint. However, in light of the Court's decision to consolidate the above-captioned actions, the Court declines to consider these remaining motions at this time. Rather, the Plaintiffs are directed to file and serve a Consolidated Complaint within thirty days of the date of this order. The Defendants' motions to dismiss are denied without prejudice and with leave to renew after the Plaintiffs file and serve the Consolidated Complaint. Similarly, the Cooper Jones Plaintiffs' motion seeking leave to amend their Complaint is also denied without prejudice and with leave to renew after the filing and serving of the Consolidated Complaint.

# III. CONCLUSION

For the foregoing reasons, it is hereby,

**ORDERED**, that the Defendants' motion to consolidate Case Numbers 12–CV–2285 (the Garnett-Bishop Action); 13–CV–1018 (the Warshun Action); 13–CV–1049 (the Cappello Action); 13–CV–1161 (the Cooper Jones Action); and 13–CV–2228 (the Zielinski Action) is granted; and it is further

**ORDERED**, that the Clerk of the Court is directed to (1) consolidate the five actions set forth above under Case Number 12–CV–2285 and (2) close Case Numbers 13–CV–1018, 13–CV–1049, 13–CV–1161 and 13–CV–2228; and it is further

**ORDERED**, that the consolidated action shall hereinafter be referred to as "Garnett Bishop, et al. v. New York Community Bancorp, Inc., et al." and shall proceed under Case Number 12-CV–2285. All filings are to be made only under Case Number 12–CV–2285; and it is further

**ORDERED**, that the claims of the Plaintiff Diann Titus are severed from the consolidated action. The parties are directed to file a stipulation of dismissal without prejudice of Titus's claims within one week of the date of this Order. Further, Titus is directed, within fourteen days from the submission of the stipulation of dismissal without prejudice, to file and serve a separate complaint in a separate action asserting her own individual claims against the appropriate defendants; and it is further

**ORDERED**, that the Plaintiffs are directed to file a Consolidated Complaint incorporating the claims of the remaining twenty-six Plaintiffs. The Consolidated Complaint shall not assert new allegations against the Defendants; and it is further

**ORDERED**, that all remaining motions pending in any of the five actions, including the Defendants' motions to dismiss and the Cooper Jones Plaintiffs motion seeking leave to amend their Complaint, are dismissed without prejudice and with leave to renew after the Plaintiffs file the Consolidated Complaint.

**SO ORDERED.**

Dated: Central Islip, New York
January 8, 2014

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge